UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| In re: | |
|---|---|
| LEON FRANCIS HALL, | CASE NO: 14-21588-11 DLS |
| DEBTOR. | |

## MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND TO ASSIGN CERTAIN CONTRACTS BY PRIVATE SALE PURSUANT TO 11 U.S.C. §§ 363, 365

Debtor, Leon F. Hall ("Debtor"), by and through his attorney, David P. Eron, hereby requests that the Court enter an Order authorizing Debtor to sell substantially all of his assets and to assign certain contracts by private sale to Hildebrand Fleske, a Kansas general partnership, ("*Hildebrand*"), Roger Fanshier, Jacob Fanshier, and Benjamin Fanshier (collectively *"Fanshiers"*) and Lonnie and Tracy Broce (collectively "*Broces*") (Broces, Fanshiers, and Hildebrand collectively "Buyers") for a total price of $4,550,000.00. As part of this sale, Buyers will purchase all of Debtor's farm ground, the principal asset in this case. This sale is in the best interest of the estate because it maximizes the value of the assets of the estate in the shortest amount of time and will not result in any broker's commission. In support of the Motion, Debtor states as follows:

1. On July 7, 2014 ("the Petition Date"), Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. Debtor continues in possession of his property as a debtor-in-possession pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108.

2. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334, its local rules, and 11 U.S.C. §§ 361-65.

3. The assets being sold as part of this sale, and for which approval is sought from this Court include approximately 1520 acres of agricultural land in Stafford County, Kansas (less

1

6.7 acres in Tract 8, described below), together with certain contracts related to the use of that land. Debtor seeks to assign the relevant executory contracts to Buyers. A copy of the Real Estate Purchase Contract is attached hereto as **Exhibit 1** ("the Contract").

4. Hildebrand is a general partnership, with its principal place of business at 1514 K-96 Highway, Great Bend, KS 67530. Drs. Len Fleske and Randall Hildebrand are the sole owners of Hildebrand. Roger Fanshier is an individual currently leasing all of the farm ground from the Debtor. He resides at 1480 NW 20th Avenue, St. John, KS 67576. Jacob Fanshier is Roger's son, and has assisted Roger in farming the property being sold. He resides at 2813 18th Street, Great Bend, KS 67530. Benjamin Fanshier is also Roger's son and resides at 409 Rosewood Street, Hesston, KS 67062. Lonnie and Tracy Broce are a married couple who reside at 1925 N. US Highway 281, Great Bend, KS 67530, immediately adjacent to a portion of the property being sold hereunder. Each of the Buyers has obtained loan commitments sufficient to ensure timely performance of the Contract, true and correct copies of which are attached hereto as **Exhibit 2**. Additionally, Debtor's counsel has received the required earnest money deposit in the amount of $25,000, which has been placed into the client trust account for deposit in escrow.

**A.    The Assets**

5. Debtor holds title to certain tracts of real property located in Stafford County, Kansas:

> **Tract 1 (being sold to Fanshiers):** Northeast Quarter (NE/4) and the South Half of the Northwest Quarter (S/2 NW/4) of Section Nineteen (19), Township Twenty-one (21) South, Range Twelve (12) West, Stafford County, Kansas
>
> **Tract 2 (being sold to Hildebrand):** Southwest Quarter (SW/4) of Section One (1), Township Twenty-one (21) South, Range Thirteen (13) West, Stafford County, Kansas

2

Case 14-21588    Doc# 188    Filed 03/06/15    Page 2 of 19

**Tract 3 (being sold to Fanshiers):** Northwest Quarter (NW/4) of Section Eight (8), Township Twenty-one (21) South, Range Thirteen (13) West, Stafford County, Kansas

**Tract 4 (being sold to Broces):** Southwest Quarter (SW/4) of Section Nine (9), Township Twenty-one (21) South, Range Thirteen (13) West, Stafford County, Kansas

**Tract 5 (being sold to Broces):** Northwest Quarter (NW/4) of Twenty-one (21), Township Twenty-one (21) South, Range Thirteen (13) West, Stafford County, Kansas

**Tract 6 (being sold to Hildebrand):** Northwest Quarter (NW/4) of Section Sixteen (16), Township Twenty-one (21) South, Range Thirteen (13) West, Stafford County, Kansas

**Tract 7 (being sold to Hildebrand):** Northeast Quarter (NE/4) of Section Twenty-two (22), Township Twenty-one (21) South, Range Thirteen (13) West, Stafford County, Kansas

**Tract 8 (being sold to Hildebrand):** Southeast Quarter (SE/4) of Section Twenty-two (22), Township Twenty-one (21) South, Range Thirteen (13) West, Stafford County, Kansas, EXCEPT the following two tracts to-wit:
A tract commencing at the Southwest corner of the Southeast Quarter (SE/4) of Section Twenty-two (22), Township Twenty-one (21) South, Range Thirteen (13) West of the Sixth Principal Meridian, for a place of beginning, thence North a distance of 536 feet, thence East a distance of 462 feet, thence South a distance of 536 feet, thence West 462 feet to the point of beginning, in Stafford County, Kansas AND
A tract of land commencing at the Southwest corner of the Southeast Quarter (SW/c SE/4) of Section Twenty-two (22), Township Twenty-one (21) South, Range Thirteen (13) West of the 6th P.M., Stafford County, Kansas, thence North 536 feet, for a place of beginning; thence North 59 feet, thence East 490 feet, thence South 595 feet, thence West 28 feet, thence North 536 feet, thence West 462 feet to the point of beginning.

**Tract 9 (being sold to Hildebrand):** Southwest Quarter (SW/4) of Section Twenty-four (24), Township Twenty-one (21) South, Range Thirteen (13) West, Stafford County, Kansas

The foregoing described real property being exclusive of any mineral, oil, and gas interests which have heretofore been severed from the ground, but including any contracts generating income from the use of the real property, including contracts for use of saltwater disposal wells and/or equipment affixed to the real property. The foregoing described real property being further exclusive of all pivot irrigation equipment, but including all water rights, well equipment such as

3

meters, valves, electricity panels, tanks, heat exchanger, gear drive, bowl units, column pipe, tubing and shaft assembly, well casings, discharge head, submersible pumps and motors, drop pipe, cement base, underground discharge pipe, underground plastic PVC irrigation pipe, and pits and lids.

The foregoing is collectively referred to as "the Property." Title reports for the tracts constituting the Property are attached hereto as **Exhibit 3.**

6. The Property is subject to the following liens and encumbrances as reflected on the title reports, **Exhibit 3**:

**Tract 1:**
a. Mortgage dated 04-06-2005, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Farmers Bank & Trust, N.A. $177,000.00. Filed April 6, 2005 at 1:57 p.m. and recorded in Book 184, Page 796.
b. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Leo J. Hall and Jane F. Hall, husband and wife. $782,091.22. Filed February 9, 2010 at 4:56 p.m. and recorded in Book 215, Page 858.
c. Notice of lis pendens, executed by John Sherman, Sherman, Hoffman & Hipp, LC to Whom Concerned regarding Case No. 10-CV-32 filed in the District Court of Ellsworth County, Kansas. Filed June 15, 2010 at 9:26 a.m. and recorded in Book 218, Page 94.
d. Judgment in Case No. 2011-MV-4, Bank of Holyrood, Plaintiff, vs. Leon J. Hall, et al., Defendants, filed in the District Court of Stafford County, Kansas, December 29, 2011 at 8:14 a.m.

**Tract 2:**
a. Mortgage dated 02-21-2007, executed by Leon Francis Hall and Lea D'Ann Hall, husband and wife, to Farmers Bank & Trust, N.A. $1,057,000.00. Filed February 28, 2007 at 10:23 a.m. and recorded in Book 196, Page 388.
b. Severance Agreement dated July 2, 2007, executed by Leon F. Hall and Lea D. Hall, husband and wife, to AgStar Financial Services, ACA. Filed July 6, 2007 at 9:46 a.m. and recorded in Book 198, Page 845.
c. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Leo J. Hall and Jane F. Hall, husband and wife, as joint tenants with right of survivorship. Filed February 9, 2010 at 4:56 p.m. and recorded in Book 215, Page 858.
d. UCC Fixture Filing #2007-38, Debtor–Lea D. Hall and Leon F. Hall, Secured Party–Diversified Financial Services, LLC, filed 6/5/2007 at 11:15 a.m.
e. UCC Fixture Filing #2011-41, Debtor–Leo J. Hall and Jane F. Hall, Secured Party–Diversified Financial Services, LLC, filed 6/20/2011 at 9:50 a.m.
f. Notice of Lis Pendens, executed by John Sherman, Sherman, Hoffman & Hipp, LC to Whom Concerned regarding Case No. 10-CV-32 filed in the District Court of Ellsworth County, Kansas. Filed June 15, 2010 at 9:26 a.m. and recorded in Book 218, Page 94.

g. Judgment in Case No. 2011-MV-4, Bank of Holyrood, Plaintiff, vs. Leon J. Hall, et al., Defendants, filed in the District Court of Stafford County, Kansas, December 29, 2011 at 8:14 a.m.

**Tract 3:**
a. Mortgage dated 12-27-2004, executed by Leon F. Hall; Lea D'An Hall, Leo John Hall; Jane Francis Hall, husband & wife, to Farmers Bank & Trust, N.A. $196,000.00. Filed December 29, 2004 at 10:41 a.m. and recorded in Book 183, Page 74.
b. Mortgage dated 02-21-2007, executed by Leon Francis Hall and Lea D'Ann Hall, husband and wife, to Farmers Bank & Trust, N.A. $1,057,000.00. Filed February 28, 2007 at 10:23 a.m. and recorded in Book 196, Page 388.
c. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Leo J. Hall and Jane F. Hall, husband and wife. $782,091.22. Filed February 9, 2010 at 4:56 p.m. and recorded in Book 215, Page 858.
d. Notice of Lis Pendens, executed by John Sherman, Sherman, Hoffman & Hipp, LC to Whom Concerned regarding Case No. 10-CV-32 filed in the District Court of Ellsworth County, Kansas. Filed June 15, 2010 at 9:26 a.m. and recorded in Book 218, Page 94.
e. Judgment in Case No. 2011-MV-4, Bank of Holyrood, Plaintiff, vs. Leon J. Hall, et al., Defendants, filed in the District Court of Stafford County, Kansas, December 29, 2011 at 8:14 a.m.

**Tract 4:**
a. Mortgage dated October 15,1999, executed by Leon F. Hall, a single person, to Farmers Bank & Trust, N.A. $110,000.00. Filed October 19, 1999 at 8:45 a.m. and recorded in Book 151, Page 97.
b. Mortgage dated 05-14-2004, executed by Leon F. Hall and Lea D. Hall, Husband & Wife, to Farmers Bank & Trust, N.A. $50,000.00. Filed May 19, 2004 at 10:15 a.m. and recorded in Book 179, Page 1.
c. Subordination Agreement dated January 20, 2005, executed by Farmers Bank & Trust, N.A. by Brian Harrison, Vice President, to Whom Concerned. Filed January 21, 2005 at 3:32 p.m. and recorded in Book 183, Page 549.
d. Subordination Agreement dated November 30, 2007, executed by and between Leon F. Hall, husband and wife, Farmers Bank & Trust, N.A. by Craig Neeland, SVP and American State Bank & Trust Company, NA by Shelly Jones, Vice President. Filed January 7, 2008 at 10:31 a.m. and recorded in Book 201, Page 711.
e. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Leo J. Hall and Jane F. Hall, husband and wife. $782,091.22. Filed February 9, 2010 at 4:56 p.m. and recorded in Book 215, Page 858.
f. Notice of Lis Pendens, executed by John Sherman, Sherman, Hoffman & Hipp, LC to Whom Concerned regarding Case No. 10-CV-32 filed in the District Court of Ellsworth County, Kansas. Filed June 15, 2010 at 9:26 a.m. and recorded in Book 218, Page 94.
g. Judgment in Case No. 2011-MV-4, Bank of Holyrood, Plaintiff, vs. Leon J. Hall, et al., Defendants, filed in the District court of Stafford County, Kansas, December 29, 2011 at 8:14 a.m.

**Tract 5:**
a. Mortgage dated October 15, 1999, executed by Leon F. Hall, a single person, to Farmers Bank & Trust, N.A. $110,610.00. Filed October 19, 1999 at 8:45 a.m. and recorded in Book 151, Page 97.
b. Mortgage dated 05-14-2004, executed by Leon F. Hall and Lea D. Hall, husband and wife, to Farmers Bank & Trust, N.A. $50,000.00. Filed May 19, 2004 at 10:15 a.m. and recorded in Book 179, Page 1.
c. Mortgage dated 02-21-2007, executed by Leon Francis Hall and Lea D'Ann Hall, husband and wife, to Farmers Bank & Trust, N.A. $1,057,000.00. Filed February 28, 2007 at 10:23 a.m. and recorded in Book 196, Page 388.
d. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Leo J. Hall and Jane F. Hall, husband and wife, as joint tenants with right of survivorship. $782,091.22. Filed February 9, 2010 at 4:56 p.m. and recorded in Book 215, Page 858.
e. Notice of Lis Pendens, executed by John Sherman, Sherman, Hoffman & Hipp, LC to Whom Concerned regarding Case No. 10-CV-32 filed in the District Court of Ellsworth County, Kansas. Filed June 15, 2010 at 9:26 a.m. and recorded in Book 218, Page 94.
f. UCC Fixture Filing #2007-78, Debtor–Leon Francis Hall and Lea D'Ann Hall, Secured Party–American State Bank & Trust Company, N.A., filed 11/30/2007 at 10:47 a.m., continued by UCC# 2012-43, 8/20/12 at 10:32:16 a.m.
g. Judgment in Case No. 2011-MV-4, Bank of Holyrood, Plaintiff, vs. Leon J. Hall, et al., Defendants, filed in the District Court of Stafford County, Kansas, December 29, 2011 at 8:14 a.m.

**Tract 6:**
a. Mortgage dated 02-21-2007, executed by Leon Francis Hall and Lea D'Ann Hall, husband and wife, to Farmers Bank & Trust, N.A. $1,057,000.00. Filed February 28, 2007 at 10:23 a.m. and recorded in Book 196, Page 388.
b. Severance Agreement dated July 2, 2007, executed by Leon F. Hall and Lea D. Hall, husband and wife, to AgStar Financial Services, ACA. Filed July 6, 2007 at 9:46 a.m. and recorded in Book 198, Page 845.
c. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Leo J. Hall and Jane F. Hall, husband and wife, as joint tenants with right of survivorship. $782,091.22. Filed February 9, 2010 at 4:56 a.m. and recorded in Book 215, Page 858.
d. UCC Fixture Filing #2007-38, Debtor–Lea D. Hall and Leon F. Hall, Secured Party–Diversified Financial Services, LLC, filed 6/5/2007 at 11:15 a.m.
e. UCC Fixture Filing #2007-78, Debtor–Leon Francis Hall and Lea D'Ann Hall, Secured Party–American State Bank & Trust Company, N.A., filed 11/30/2007 at 10:47 a.m., continued by 2012-43 on 8/20/2012 at 10:32:16 a.m.
f. UCC Fixture Filing #2011-41, Debtor–Leo J. Hall and Jane F. Hall, Secured Party–Diversified Financial Services, LLC, filed 6/20/2011 at 9:50 a.m.
g. Lis Pendens, executed by John Sherman, Sherman, Hoffman & Hipp, LC to Whom Concerned regarding Case No. 10-CV-32 filed in the District Court of Ellsworth County, Kansas. Filed June 15, 2010 at 9:26 a.m. and recorded in Book 218, Page 94.

h. Judgment as to Case No. 2011-MV-4, filed in the District Court of Stafford County, Kansas, December 28, 2011 at 3:54 p.m., in Bank of Holyrood, Plaintiff, vs. Leon F. Hall, et al., Defendants.

**Tract 7:**
a. Mortgage dated June 4, 1998, executed by Leon F. Hall, a single person, to Farmers Bank & Trust, N.A. $200,106.00. Filed June 8, 1998 at 8:58 a.m. and recorded in Book 145, Page 195.
b. Mortgage dated 02-21-2007, executed by Leon Francis Hall and Lea D'Ann Hall, husband and wife, to Farmers Bank & Trust, N.A. $1,057,000.00. Filed February 28, 2007 at 10:23 a.m. and recorded in Book 196, Page 388.
c. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Leo J. Hall and Jane F. Hall, husband and wife, as joint tenants with right of survivorship. Filed February 9, 2010 at 4:56 p.m. and recorded in Book 215, page 858.
d. Notice of Lis Pendens, executed by John Sherman, Sherman, Hoffman & Hipp, LC to Whom Concerned regarding Case No. 10-CV-32 filed in the District Court of Ellsworth County, Kansas. Filed June 15, 2010 at 9:26 a.m. and recorded in Book 218, Page 94.
e. UCC Fixture Filing # 2007-38, Debtor–Lea D. Hall and Leon F. Hall, Secured Party–Diversified Financial Services, LLC, filed 6/5/2007 at 11:15 a.m.
f. UCC Fixture Filing #2011-41, Debtor–Leo J. Hall and Jane F. Hall, Secured Party–Diversified Financial Services, LLC filed 6/20/2011 at 9:50 a.m.
g. Judgment in Case No. 2011-MV-4, Bank of Holyrood, Plaintiff, vs. Leon J. Hall, et al., Defendants, filed in the District Court of Stafford County, Kansas, December 29, 2011 at 8:14 a.m.

**Tract 8:**
a. Mortgage dated March 18, 1998, executed by Leon Francis Hall to Farmers Bank & Trust, N.A., recorded in the Office of the Register of Deeds of Stafford County, Kansas, March 19, 1998 at 10:14 a.m., in Book 144, Page 186.
b. Mortgage dated 02-21-2007, executed by Leon Francis Hall and Lea D'Ann Hall, husband and wife, to Farmers Bank & Trust, N.A., recorded in the Office of the Register of Deeds of Stafford County, Kansas, February 28, 2007 at 10:23:06 a.m., in Book 196, Page 388. *$1,057,000.00*.
c. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, husband and wife, to Leo J. Hall and Jane F. Hall, husband and wife, recorded in the Office of the Register of Deeds of Stafford County, Kansas, February 9, 2010 at 4:56 p.m., in Book 215, Page 858.
d. Lis Pendens regarding Bank of Holyrood, Plaintiff, vs. Leon F. Hall, et al., Defendants, Case No. 10-CV-32 in the District Court of Ellsworth County, Kansas, recorded in the Office of the Register of Deeds of Stafford County, Kansas, June 15, 2010 at 9:26 a.m. in Book 218, Page 94.
e. Judgment in Case No. 2011-MV-4, Bank of Holyrood, Plaintiff, vs. Leon J. Hall, et al., Defendants, filed in the District Court of Stafford County, Kansas, December 29, 2011 at 8:14 a.m.

**Tract 9:**
   a. Mortgage dated 02-21-2007, executed by Leon Francis Hall and Lea D'Ann Hall, husband and wife, to Farmers Bank & Trust, N.A., recorded in the Office of the Register of Deeds of Stafford County, Kansas, February 28, 2007 at 10:23:06 a.m. in Book 196, Page 388.     *$1,057,000.00*.
   b. Mortgage dated February 8, 2010, executed by Leon F. Hall and Lea D'Ann Hall, Husband and Wife, to Leo J. Hall and Jane F. Hall, recorded in the Office of the Register of Deeds of Stafford County, Kansas, February 9, 2010 at 4:56:15 p.m. in Book 215, Page 858.
   c. Notice of Lis Pendens, executed by John Sherman, Sherman, Hoffman & Hipp, LC to Who Concerned regarding Case No. 10-CV-32, filed in the District Court of Ellsworth County, Kansas. Filed June 15, 2010 at 9:26 a.m. and recorded in Book 218, Page 94.
   d. UCC Fixture Filing #2007-38, Debtor–Leon F. Hall and Lea D. Hall, Secured Party–Diversified Financial Services, LLC, filed 6/5/2007 at 11:15:35 a.m.
   e. UCC Fixture Filing #2011-41, Debtor–Leo J. Hall and Jane F. Hall, Secured Party–Diversified Financial Services, LLC, filed 6/20/2011 at 9:50:50 a.m.
   f. Judgment in Case No. 2011-MV-4, Bank of Holyrood, Plaintiff, vs. Leon J. Hall, et al., Defendants, filed in the District Court of Stafford County, Kansas, December 29, 2011 at 8:14 a.m.

7. All of the Property will remain subject to the restrictive covenants and easements of record, which are listed on Schedules B-II to **Exhibit 3**. With this exception, the sale will be free and clear of all liens and encumbrances. Certain liens and encumbrances will attach to the net proceeds from the Property, as described below. The amount necessary to retire these liens and encumbrances in full shall be retained in escrow by the applicable title company until such time as the Court determines the nature, extent and validity of those liens and encumbrances.

**B.    The Contracts**

8. Debtor also seeks authority to assume and assign certain contracts to Buyers pursuant to 11 U.S.C. §365(a) and (f). The contracts subject to assumption and assignment include the agricultural lease to Roger Fanshier previously approved by this Court's Order, Doc. No. 42. It shall also include any contracts for salt water disposal wells. Debtor shall receive and retain any proceeds from such contracts received prior to Closing. Buyers shall receive and retain any proceeds from such contracts received on or after Closing. There shall not be any

proration of any contract proceeds received by the Seller prior to Closing that may be attributable to periods of time after the Closing.

9. Debtor will assign to Buyers all of Debtor's rights and duties under the above-referenced contracts. The assigned contracts are directly tied to the Property. As a result, there is no consideration provided for the assignment of the benefits other than the coextensive assumption of the liabilities by the Buyers.

### C. Real Property Taxes and Costs of Sale

10. Debtor shall pay all applicable real property taxes for the 2014 tax year, which taxes are reflected on **Exhibit 3**. Buyers shall assume the obligations to pay all real estate taxes not yet due and payable as of the closing of the Contract for assets transferred hereunder. The pro rata share of such taxes and assessments shall be specified in more detail on the closing statement issued by the applicable title company handling the closing. This will reduce the net amount payable to the Debtor for any pro rata share of taxes attributable to the Debtor.

11. The costs of sale, including but not limited to a policy of title insurance, escrow charges, transfer taxes, recording fees, etc. shall be divided evenly between Debtor and the Buyers.

### D. Distribution of Proceeds

12. The following liens appear collectively on the title to the Property, as set forth in detail above and on Exhibit 3:

   a. Farmer's Bank and Trust Mortgages (Claim No. 21) - $1,594,106;
   b. Leo and Jane Hall Mortgage (Claim No. 19) - $782,091.22;
   c. Bank of Holyrood Lis Pendens filed in Ellsworth County Case No. 10-CV-32 (purchased by Leo Hall-Claim No. 20) - See below;
   d. Bank of Holyrood Judgment Lien in Stafford County Case No. 11-MV-4 (purchased by Leo Hall-Claim No. 20) - $810,926.47 (per claim);
   e. UCC fixture filing 2007-38 in favor of Diversified Financial;
   f. UCC fixture filing 2011-41 in favor of Diversified Financial; and

      g.   UCC fixture filing 2007-78 in favor of American State Bank.

13. The Farmers Bank and Trust Mortgages encumbering the Property purportedly secure a guaranty signed by the Debtor on May 19, 2010. A true and correct copy of the guaranty is attached hereto as **Exhibit 4**. The guaranty specifically states that the Debtor "will be liable for $1,984,000.00 of the principal amount of the indebtedness outstanding at default . . . ." The guaranty was offered gratuitously for the debts of Leo Hall, Debtor's father, to Farmers Bank and Trust. Leo Hall, the primary obligor, was not in default on the Petition Date. As such, the claim is a contingent claim under 11 U.S.C. §502(c), subject to estimation. In this case, Leo Hall will be able to pay 100% of the claim, and Farmers Bank and Trust is fully secured by collateral provided by Leo Hall. Therefore, the allowed amount of the claim should be $0, and Farmers Bank and Trust should not receive any of the proceeds of the sale. Regardless, the face amount of all of the mortgages securing the guaranty is $1,594,106. This is the maximum amount that Farmers could obtain out of the proceeds of the sale herein. Taylor Abstract and Title Co. will retain $1,594,106 in escrow for the benefit of either Farmers Bank and Trust, the Debtor, or Leo Hall (see below) until such time as the Court determines the nature, extent, and validity of the security interest held by Farmers Bank and Trust. Any allowed security interest will attach to the amount retained in escrow. The Debtor will file an objection to Claim No. 21 in order to determine this issue.

14. Leo Hall holds a second priority mortgage against all of the Property in the face amount of $782,091.22. This mortgage secures Claim No. 19 filed by Leo Hall in the amount of $982,335.30, with interest accruing at the rate of 6% annually after December 31, 2013. Claim No. 19 is subject to avoidance as a fraudulent conveyance as the mortgage was given to Leo Hall at a time when the Debtor was insolvent, in consideration for an antecedent debt. See 11 U.S.C.

§544 and K.S.A. § 33-205(b). Taylor Abstract and Title Co. will retain $1,250,000 in escrow for the benefit of either the Debtor or Leo Hall (see below) until such time as the Court determines the nature, extent, and validity of the security interest held by Leo Hall on account of Claim No. 19, and the avoidability of the associated mortgage. However, because the Debtor would have an automatic right to reimbursement from Leo Hall for any funds paid to Farmers Bank and Trust on account of Claim No. 21, the funds held in escrow for the potential benefit of Farmers Bank and Trust in the amount of $1,594,106 shall be sufficient, without more, to protect Claim No. 19. Any allowed security interest will attach to the amount retained in escrow. The Debtor will file an adversary proceeding and objection to Claim No. 19 in order to determine this issue.

15. Leo Hall, as successor in interest to Bank of Holyrood, holds a third priority lien against all of the Property on account of certain judgment obtained by Bank of Holyrood and subsequently assigned to Leo Hall. The lis pendens filed in Ellsworth County Case No. 10-CV-32 contains the original judgment. The Bank of Holyrood Judgment Lien in Stafford County Case No. 11-MV-4 is simply the transcription of the Ellsworth County judgment into Stafford County. These are one and the same. The judgment liens secure Claim No. 20 filed by Leo Hall in the amount of $810,926.47, with interest accruing at the rate of 7.5% annually after July 7, 2014. Claim No. 20 is subject to objection on the grounds that the claim has already been partially satisfied. Debtor has already filed an Objection to Claim No. 20, Doc. No. 173. Nonetheless, on the assumption that Debtor will be unsuccessful, Taylor Abstract and Title Co. will retain $1,000,000 in escrow for the benefit of either the Debtor, or Leo Hall (see below) until such time as the Court determines the nature, extent, and validity of the security interest held by Leo Hall on account of Claim No. 20, and the allowance of the claim. However, because the Debtor would have an automatic right to reimbursement from Leo Hall for any funds paid to

Farmers Bank and Trust on account of Claim No. 21, the funds held in escrow for the potential benefit of Farmers Bank and Trust in the amount of $1,594,106 shall be partially sufficient to protect Claim No. 20. Combining the reserve amounts for Claims 19 and 20 ($2,250,000) and subtracting the reserve amount already held for Farmers Bank and Trust ($1,594,106), Taylor Abstract and Title Co. will retain an additional $655,894.00 in escrow for the benefit of either the Debtor or Leo Hall. Any allowed security interest will attach to the amount retained in escrow.

16. The liens held by Farmers Bank and Trust referenced above do not include a mortgage filed December 29, 2004 in the amount of $196,000, which is reflected on **Exhibit 3**. This mortgage is not attached to any validly existing debt. The guaranty signed by Leon Hall in favor of Farmers Bank and Trust (and attached to Claim No. 21) reflects that this mortgage does not secure the guaranty. As a result, it is not included in the total amount of Farmers' purported lien. The same is true for the mortgage filed in favor of Farmers Bank and Trust on March 18, 1998 and purportedly encumbering Tract 8 in an unspecified amount. These two mortgages will be avoided by an order approving this Motion, and these two mortgages will not attach to any proceeds from the sale contemplated hereunder.

17. The three UCC fixture filings related to certain pivot irrigation systems that are no longer owned by the Debtor. As such, these fixture filings are not relevant to this case. The pivot irrigation systems have been or will be removed from the Property. All three fixture filings, to the extent they encumber any of the assets being sold hereunder, will be avoided by an order approving this Motion, and the UCC fixture filings will not attach to any proceeds from the sale contemplated hereunder.

18. Debtor estimates that the Property has a basis of $800,000. The Debtor also estimates that the majority of claims against the estate are farm expense related, and will thus be deductible. In the worst case scenario, Debtor anticipates a total gain on the sale of farm ground, after payment of all allowable expenses, in an amount not to exceed $1,500,000. The capital gains tax estimated on this gain is $375,000. Therefore, the Debtor proposes to retain $375,000 in the Eron Law client trust account set aside for the payment of income taxes.

19. Based upon the foregoing, the proceeds will be distributed as follows:

   a. To pay the Debtor's pro rata share of the outstanding real property taxes due the Stafford County Treasurer (estimated at $12,785.04 for closing on April 17, 2015);
   b. To pay all applicable transfer taxes and fees (estimated at $2,000);
   c. To pay all applicable escrow/title fees and closing costs (estimated at $12,000);
   d. To pay the pro rata portion of the United States Trustee fees calculated under the provisions of 28 U.S.C. §1930 (estimated at $10,400);
   e. $2,250,000 to be retained in escrow for the payment of claim numbers 19, 20, and/or 21, or to be paid to the Debtor, pending resolution of the nature, extent and validity of the liens and the allowance of the referenced claims;
   f. $375,000 to be retained in the client trust account of Eron Law, P.A. for the payment of estimated capital gains taxes;
   g. The balance to be paid to the Debtor's counsel (client trust account) for payment of allowed administrative claims herein and eventual distribution to general unsecured claims as may be provided in a chapter 11 plan.

**E.     Overbid**

20. The Contract provides that the Buyers may be overbid by any party interested in purchasing the Property for an amount greater than that offered by the Buyers. Any overbid shall be submitted not later than the deadline for objecting to this Motion, which is specified in the Objection Deadline filed and served concurrently herewith.

21. In order for an overbid to qualify, any potential bidder must qualify as follows:

   a. Agree to all the terms contained in the Contract and this Motion, without exception;

b. File an objection to this Motion that specifies the proposed purchase price and indicates that the terms of the Contract and this Motion are acceptable to the overbidding party;

c. Submit a $50,000 earnest money deposit to Eron Law, P.A., which shall be placed in escrow immediately upon receipt;

d. Agree that $25,000 of the earnest money deposit shall be paid to the Buyers as a breakup fee, and that such amount shall be non-refundable under any circumstances other than the overbidder being subsequently outbid;

e. Submit an overbid that shall be not less than $25,000 in excess of the highest preceding bid;

f. Execute any documents necessary to memorializing a final agreement between the Debtor and the buyer; and

g. Submit evidence with the objection to this Motion sufficient to demonstrate that the overbidder has the financial means necessary to consummate the transaction contemplated hereunder.

**F.     Legal Authority**

22. The Debtor submits that the provisions of 11 U.S.C. §363 have been satisfied in this matter. All liens and mortgages will either be avoided or paid in full as provided under this Motion. The sale proposed hereunder is the most cost efficient and expeditious manner for such a sale. If any creditor or potential buyer believes that the Property could be sold for more than the amount proposed herein, they may file an objection to this Motion and submit an overbid as identified above.

23. The proposed sale is in the best interest of the estate and all parties have acted in good faith. Neither Debtor nor the Buyers believe there is any reasonable hope of obtaining a higher price by marketing the Property for a longer period of time. Moreover, such marketing would require a broker's commission estimated at between $130,000 and $300,000. Thus, the Property would have to bring substantially more after marketing or auction in order to make such an approach feasible. Such a higher price is unlikely at this time. Finally, Debtor believes that this sale will return enough to ensure that the unsecured creditors in this case are paid not less than 50% of their claims amounts, excluding Leo Hall.

24. Under 11 U.S.C. §363(b) and 11 U.S.C. §1107(a) the Chapter 11 Debtor-in-Possession is empowered to sell property free and clear of liens and encumbrances of record.

25. The Court's power to authorize a sale under 11 U.S.C. §363(b) is to exercise at its discretion using a flexible case-by-case approach. See *In Re Baldwin United Corporation*, 43 BR 905 (Bankr. S.D. Ohio 1984). The important consideration for the Court is the finding that a proper business rationale exists for the sale of assets. *Stephens Industry, Inc. v. McClung*, 739 F.2d 386 (6th Cir. 1986). Also relevant for the Court is a factual analysis as to whether a business justification for a sale of substantially all the real and personal property is present. See *In Re Walter* 83 BR 14 (9th Cir. BAP 1988).

26. Based on the foregoing, the Debtor submits that the sale of the Property is in the best interest of the bankruptcy estate and should be approved. In conjunction therewith, the Debtor requests the Court approve the proposed sale to Buyer with the protection afforded by 11 U.S.C. §363(e) and approve the sale free and clear of liens and encumbrances of record.

27. Debtor proposes that the sale of the Assets to Buyers will constitute legal, valid and effective transfers of the Assets and will vest Buyers with all right, title and interest of Leon

Hall in and to the Property free and clear of all liens and claims (as defined in 11 U.S.C. §101) pursuant to Section 363(f) of the Bankruptcy Code (other than liens created by Buyers) whatsoever known or unknown, fixed, liquidated, contingent or otherwise, including, but not limited to, any of Leon Hall's creditors, vendors, suppliers, employees or lessors and any other person that is the holder of a claim (collectively "Claimants"), with the sole exception of the easements and restrictions of record identified on the Schedules B-II attached to **Exhibit 3**, which will survive entry of an order on this Motion and will remain attached to the Property. This Motion may be granted under both 11 U.S.C. § 363(f)(3) and (f)(4), as detailed above.

28. Debtor proposes that Buyers shall not be liable in any way (as successors or otherwise) for any claims that any of the Claimants or any other third party may have against Leon Hall, the business of Leon Hall, and/or the Assets, and Debtor requests that approval of the proposed sale permanently enjoin and restrain the assertion and prosecution of any claims by Claimants or any other third party against Buyers, Buyers' affiliates, designees and/or assigns and the ownership, use and operation of Assets, and further enjoin Claimants or any third parties from taking any action against Buyers or Buyers' affiliates (as they existed immediately prior to the closing of the proposed sale) for the purpose of recovering any claim which such Claimant or third party has solely against Leon Hall or any of Leon Hall's affiliates.

29. The proposed consideration for the sale constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the State of Kansas.

30. The transactions contemplated by the Contract are undertaken by Debtor and Buyers at arm's length, without collusion and in good faith within the meaning of Section 363(m) of the Bankruptcy Code, and such parties are entitled to the protections of Section 363(m) of the Bankruptcy Code.

31. As part of the sale, no executory contracts will be assumed and assigned to Buyers other than those specifically set forth above.

32. Not selling the Property free and clear of liens and claims would impact adversely on Leon Hall's bankruptcy estate and would be of substantially less benefit to the estate of Leon Hall.

33. Debtor requests authority to execute all necessary documents and take all necessary and appropriate actions to consummate the sale proposed herein. As part of the relief sought herein, Debtor seeks this Court's approval of the Contract and specifically authorizes Debtor to enter into the Contract.

34. In the event that the Motion is granted, the Bankruptcy Court shall retain exclusive jurisdiction to interpret, construe and enforce the provisions of the Contract, to resolve any and all disputes that may arise under such agreement as between Debtor and Buyers, to hear and determine any and all disputes between Debtor, Buyers, and any Claimant or third party claims related to such Contract, and to interpret, construe and enforce the provisions of any order granting this Motion, provided that in the event the Bankruptcy Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

WHEREFORE the Debtor prays for appropriate relief.

Respectfully Submitted:

ERON LAW, P.A.
Attorneys for Debtor
*/s/ David P. Eron*
DAVID P. ERON, #23429
229 E. William, Suite 100
Wichita, KS 67202
316-264-9783 / 316-264-9273 (fax)
david@eronlaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2015, a true and correct copy of the foregoing was electronically filed with the Court *using the CM/ECF system,* which sent notification to all parties of interest participating in the CM/ECF system.

Furthermore, I certify that true and correct copies of the same were forwarded *via U.S. Mail, First Class,* postage prepaid and properly addressed to the following:

See Attached Matrix.

In addition, I certify that, true and correct copies of the same were forwarded *via Certified Mail, Return Receipt Requested,* postage prepaid and properly addressed to the following:

Officer of
AgStar Financial Services, ACA
1921 Premier Drive
PO Box 4249
Mankato, MN 56001

Diversified Financial Services
14010 FNB Pkwy Suite 400
Omaha, NE 68154-5232

Officer of
Farmers Bank and Trust, N.A.
1612 Main St
Great Bend, KS 67530

Officer of
American State Bank &
Trust Co., N.A.
1321 Main Street
Great Bend, KS 67530

Lea Hall
4100 Sandpiper Lane
Great Bend, KS 67530

*/s/ Margaret R. Spangler*
MARGARET R. SPANGLER
Assistant to David P. Eron

| | | |
|---|---|---|
| Dealers Leasing<br>4825 E. Douglas Avenue<br>Wichita KS  67218-1013 | Mid Kansas Cooperative<br>307 W. Cole Street<br>Moundridge KS  67107-7533 | AgCountry Farm Credit Services<br>Lease Accounting<br>PO Box 6020<br>Fargo, ND  58108-6020 |
| Ag Systems Inc<br>PO Box 177<br>Larned, KS  67550 | Moeder Oil Co Inc.<br>2302 Railroad Avenue<br>Great Bend, KS  67530 | Altec Capital Services<br>PO Box 100816<br>Atlanta, GA  30384-0816 |
| Real Time Solutions<br>1349 Empire Central Drive Suite 100<br>Dallas, TX  75247-4029 | RABO Agrifinance<br>2544 N. Maize Court<br>Wichita, KS  66502 | David A. Kraft<br>4110 Baltimore Avenue<br>Kansas City, MO  64111 |
| US Attorney Topeka<br>US Courthouse Ste 290<br>444 Southeast Quincy Street<br>Topeka, KS  66683 | John Deere Financial FSB<br>Customer Service<br>PO Box 5328<br>Madison, WI  53705-0328 | Financial Pacific Leasing<br>PO Box 5468<br>Federal Way, WA  98063-4568 |
| Pentech Funding<br>PO Box 790247<br>St. Louis, MO  63179-0247 | WM Capital Partners LLC<br>505 Pecan Street, Suite 101<br>Fort Worth, TX  76102 | First Federal Leasing<br>PO Box 1145<br>Richmond, IN  47375 |
| Leon F. Hall<br>PO Box 889<br>Great Bend, KS  67530 | | |
| | William B. Sorensen, Jr.<br>300 N Mead Suite 200<br>Wichita, KS 67202 | Leo J. Hall<br>1754 NE 20th Avenue<br>Great Bend, KS  67530 |